United States Courts
Southern District of Texas
FILED
*October 29, 2026*
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CR-20162-ALTMAN/HERNANDEZ**

**18 U.S.C. § 1349**
**18 U.S.C. § 1956(h)**
**18 U.S.C. § 1343**
**18 U.S.C. § 1956(a)(2)(A)**
**18 U.S.C. § 981(a)(1)(C)**
**18 U.S.C. § 2**

**4:26-mj-698**

FILED BY BM D.C.
Apr 23, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**UNITED STATES OF AMERICA**

**vs.**

**RICHARD PANAS,**
**a/k/a "Paul Laposta,"**

**Defendant.**
______________________________________/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1. Defendant **RICHARD PANAS**, together with others known and unknown to the Grand Jury, was principally engaged in the sale of lists containing the names and addresses of target victims located across the United States, including within the Southern District of Florida, for use in advance fee schemes. **PANAS** was a resident of Mexico.

2. Co-conspirators 1, 2, and 3 used **RICHARD PANAS**'s lists as part of their advance fee schemes and were residents of the Southern District of Florida.

3. Individuals 1, 2, 3, 4, and 5 were residents of Mexico and received money on behalf of **RICHARD PANAS**.

Advance Fee Schemes

4. Advance fee schemes typically involve false promises to pay victims a large sum of money at a later date in exchange for an upfront advanced payment. The object of such fraud schemes is to entice victims into sending money in the hopes of receiving large payouts from sweepstakes prizes, inheritances, or other sources. To find prospective victims, the perpetrators of these schemes need victim target lists with contact information for individuals who fit desired demographic profiles, often referred to as "lead lists." Individuals who sell lead lists to others are commonly known as "list brokers."

**COUNT 1**
**Conspiracy to Commit Wire Fraud**
**(18 U.S.C. § 1349)**

1. Paragraphs 1 through 4 of the General Allegations section of this Indictment are re-alleged and fully incorporated as though set forth fully therein.

2. Beginning in or around May 2017 and continuing through in or around March 2026, in Miami-Dade, Broward, and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendant,

**RICHARD PANAS,**
**a/k/a "Paul Laposta,"**

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate, and agree with Co-conspirators 1, 2, 3, and others known and unknown to the Grand Jury, to knowingly, and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that such pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted

by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

**PURPOSE OF THE CONSPIRACY**

3. It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by (a) the defendant selling lead lists with prospective victims' contact information for use in advance fee schemes; (b) the co-conspirators contacting victims with false and fraudulent promises of large sums of money at a later date in exchange for upfront advance payments; and (c) the co-conspirators receiving money from victims for the benefit of the co-conspirators and to further the scheme by purchasing the defendants' lead lists.

**MANNER AND MEANS OF THE CONSPIRACY**

The manner and means by which the defendant and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things, the following:

4. **RICHARD PANAS** acted as a list broker for, among others, Co-conspirators 1, 2, and 3 and sold lead lists containing the names, addresses, and, at times, telephone numbers, of U.S. citizens to his co-conspirators for use in advance fee schemes.

5. **RICHARD PANAS's** co-conspirators sent out false and fraudulent letters that appeared to be personalized to each victim when, in truth, the same letters were sent to hundreds of thousands of victims from **PANAS's** lead lists. These letters contained false and fraudulent promises and representations that the victim was going to receive a large amount of money as part of an inheritance, or a valuable sweepstakes prize, upon payment of a fee to the fraudsters, who operated under false names. The false statements communicated to victims from **PANAS's** lead lists for the advance fee schemes included, among others:

a. That the victims were eligible to receive millions of dollars as part of a

monetary inheritance, award, or prize;

b. That **PANAS's** co-conspirators who contacted the target victims were affiliated with Publisher's Clearing House, a lottery, or with a bank holding money for the victim as part of an inheritance for a family member who had died overseas; and

c. That victims were required to pay upfront fees and/or taxes to receive their supposed money or prizes.

6. **RICHARD PANAS** recruited co-conspirators to buy his lists by promising lead lists that contained "lotto players" or "lottery buyers" or only individuals over a certain age. At times, **PANAS** promised lead lists of individuals only from particular states within the United States, including from Florida.

7. **RICHARD PANAS's** co-conspirators, including Co-conspirators 1, 2, and 3, paid **PANAS** directly or indirectly for the lead lists of target victims.

8. To hide his own involvement in the scheme, **RICHARD PANAS** directed his co-conspirators who wished to purchase **PANAS's** lead lists to send payments to **PANAS's** associates in the United States and abroad, including Individuals 1, 2, 3, 4, and 5, who were located in Mexico with **PANAS**. **PANAS** received payment from associates minus a small portion of the funds paid to the associates.

9. **RICHARD PANAS** provided lead lists to co-conspirators, including Co-conspirators 1, 2, and 3, after receiving funds from them. At times, **PANAS** caused copies of address labels generated from his lead lists to be shipped to his co-conspirators. Other times, **PANAS** emailed his lead lists to his co-conspirators in spreadsheets containing the target victims' names, addresses, and other information.

10. A number of **RICHARD PANAS's** co-conspirators communicated with **PANAS**

using facially fraudulent email addresses, including email addresses falsely and fraudulently representing that the sender was associated with "Publisher's Clearing House" or "Mega Millions."

11. **RICHARD PANAS's** co-conspirators used the address labels and the lead list spreadsheets that **PANAS** sent to them to send false and fraudulent advance fee mailings to many target victims across the United States. In other instances, **PANAS's** co-conspirators, including Co-conspirators 1, 2, and 3, placed phone calls to the telephone numbers of the target victims from **PANAS's** lead lists to make false statements in furtherance of their advance fee fraud schemes.

All in violation of Title 18, United States Code, Section 1349.

**COUNT 2**
**Conspiracy to Commit Money Laundering**
**(18 U.S.C. § 1956(h))**

1. Paragraphs 1 through 4 of the General Allegations section of this Indictment are re-alleged and fully incorporated as though set forth fully herein.

2. Beginning in or around May 2017 and continuing through in or around March 2026, in Miami-Dade, Broward, and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendant,

**RICHARD PANAS,**
**a/k/a "Paul Laposta,"**

did knowingly and voluntarily combine, conspire, confederate, and agree with Co-conspirators 1, 2, and 3, and other persons known and unknown to the Grand Jury, to knowingly transport, transmit, and transfer monetary instruments and funds, from a place inside the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

**PURPOSE OF THE CONSPIRACY**

3. It was the purpose of the conspiracy that the defendant, his co-conspirators, and others caused the transmission of funds from the United States to Mexico for the purpose of, among other things, paying expenses necessary to further fraudulent advance fee schemes.

**MANNER AND MEANS OF THE CONSPIRACY**

The Manner and Means Section of Count 1 is re-alleged and fully incorporated as though set forth fully herein.

All in violation of Title 18, United States Code, Section 1956(h).

**COUNTS 3-5**
**Wire Fraud**
**(18 U.S.C. § 1343)**

1. Paragraphs 1 through 4 of the General Allegations section of this Indictment are re-alleged and fully incorporated as though set forth fully herein.

2. Beginning in or around May 2017 and continuing through in or around March 2026, in Miami-Dade, Broward, and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendant,

**RICHARD PANAS,**
**a/k/a "Paul Laposta,"**

did knowingly, and with the intent to defraud, devise and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such a scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, any writings, signals, pictures, and sounds.

## PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for the defendant and his accomplices to unlawfully enrich themselves by (a) the defendant selling lead lists with prospective victims' contact information for use in advance fee schemes; (b) the accomplices contacting victims with false and fraudulent promises of large sums of money at a later date in exchange for upfront advance payments; and (c) the accomplices receiving money from victims for the benefit of the accomplices and to further the scheme by purchasing the defendants' lead lists.

## THE SCHEME AND ARTIFICE

The Manner and Means Section of Count 1 is re-alleged and fully incorporated herein as a description of the scheme and artifice.

## USE OF THE WIRES

4. On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**RICHARD PANAS,**
**a/k/a "Paul Laposta,"**

for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, as set forth below:

| COUNT | APPROX. DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 3 | August 16, 2022 | Email from **RICHARD PANAS** in Mexico to Co-conspirator 1 in the Southern District of Florida attaching a lead list |

| COUNT | APPROX. DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 4 | August 24, 2023 | Email from **RICHARD PANAS** in Mexico to Co-conspirator 1 in the Southern District of Florida attaching a lead list |
| 5 | November 5, 2023 | Email from **RICHARD PANAS** in Mexico to Co-conspirator 2 in the Southern District of Florida attaching a lead list |

In violation of Title 18, United States Code, Sections 1343 and 2.

**COUNTS 6-10**
**International Money Laundering**
**(18 U.S.C. § 1956(a)(2)(A))**

1. Paragraphs 1 through 4 of the General Allegations section of this Indictment are re-alleged and fully incorporated as though fully set forth herein.

2. On or about the dates specified as to each Count below, in Miami-Dade, Broward, and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendant,

**RICHARD PANAS,**
**a/k/a "Paul Laposta,"**

did knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of a specified unlawful activity, namely, wire fraud, in violation of Title 18 United States Code, Section 1343, as set forth below:

| COUNT | APPROX. DATE | DESCRIPTION OF MONETARY TRANSFER |
|---|---|---|
| 6 | June 18, 2022 | $850 Ria transfer from Co-conspirator 3 in the Southern District of Florida to Individual 1 in Mexico |
| 7 | May 30, 2023 | $850 Ria transfer from S.B. in the Southern District of Florida to Individual 2 in Mexico |
| 8 | April 25, 2024 | $900 Remitly transfer from Co-conspirator 2 in the Southern District of Florida to Individual 3 in Mexico |

| COUNT | APPROX. DATE | DESCRIPTION OF MONETARY TRANSFER |
|---|---|---|
| 9 | May 29, 2024 | $900 Remitly transfer from Co-conspirator 2 in the Southern District of Florida to Individual 4 in Mexico |
| 10 | May 14, 2025 | $1,000 MoneyGram transfer from A.J. in the Southern District of Florida to Individual 5 in Mexico |

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

**<u>FORFEITURE</u>**
**(18 U.S.C. § 981(a)(1)(C))**

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **RICHARD PANAS**, **a/k/a "Paul Laposta,"** has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, or a conspiracy to commit such offense, as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

3. Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such violation, or any property traceable to such property.

4. The property subject to forfeiture includes, but is not limited to, the following:

(a) A sum of money equal in value to the proceeds the defendant obtained from the violations of Title 18, United States Code, Section 1343, and/or the conspiracy to commit such

offense, as alleged in this Indictment, which the United States will seek as a forfeiture money judgment against the defendant as part of his sentence.

(b) A sum of money equal in value to the property involved in the violations of Title 18, United States Code, Section 1956, as alleged in this Indictment, and/or the property traceable to such property, which the United States will seek as a forfeiture money judgment against the defendant as part of his sentence.

All pursuant to Title 18, United States Code, Sections 981(a)(l)(C), 982(a)(l), and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(l) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

[redacted]

FOREPERSON

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

LORINDA I. LARYEA
CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

PHILIP M. TOOMAJIAN
SENIOR TRIAL ATTORNEY
JOSHUA D. ROTHMAN
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA** | **CASE NO.: 26-CR-20162-ALTMAN/HERNANDEZ**

**v.**
RICHARD PANAS,
a/k/a "Paul Laposta,"
_______________________________________/
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) ______
Number of New Defendants ______
Total number of new counts ______

**Court Division** (select one)
☑ Miami ☐ Key West ☐ FTP
☐ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: ________________
4. This case will take 10 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

(Check only one)
I ☐ 0 to 5 days
II ☑ 6 to 10 days
III ☐ 11 to 20 days
IV ☐ 21 to 60 days
V ☐ 61 days and over

(Check only one)
☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge ________________ Case No. ________________
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge ________________ Magistrate Case No. ________________
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Kathleen M. Williams Case No. 22-CR-20134; 24-CR-20140-RKA
9. Defendant(s) in federal custody as of ________________
10. Defendant(s) in state custody as of ________________
11. Rule 20 from the __________ District of ______________.
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: ______________________________
PHILIP M. TOOMAJIAN
DOJ Trial Attorney
SDFL Court ID No. A5501275

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

## PENALTY SHEET

**Defendant's Name:** **RICHARD PANAS, a/k/a "Paul Laposta"**

**Case No:** ____________________

Count #: 1

Title 18, United States Code, Section 1349

Conspiracy to Commit Wire Fraud
*** Max. Term of Imprisonment: 20 years**
*** Mandatory Min. Term of Imprisonment (if applicable): N/A**
*** Max. Supervised Release: 3 years**
*** Max. Fine: $250,000 or twice the gross gain or loss from the offense**

Count #: 2

Title 18, United States Code, Section 1956(h)

Conspiracy to Commit Money Laundering
*** Max. Term of Imprisonment: 20 years**
*** Mandatory Min. Term of Imprisonment (if applicable): N/A**
*** Max. Supervised Release: 3 years**
*** Max. Fine: $500,000 or twice the value of the property involved in the transaction**

Counts #: 3 – 5

Title 18, United States Code, Section 1343

Wire Fraud
*** Max. Term of Imprisonment: 20 years as to each count**
*** Mandatory Min. Term of Imprisonment (if applicable): N/A**
*** Max. Supervised Release:**
*** Max. Fine: $250,000 or twice the gross gain or loss from the offense**

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

## PENALTY SHEET

**Defendant's Name:** **RICHARD PANAS, a/k/a "Paul Laposta"**

**Case No:** ______________________

Counts #: 6 - 10

Title 18, United States Code, Section 1956(a)(2)(A)

International Money Laundering

* **Max. Term of Imprisonment: 20 years as to each count**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release:**
* **Max. Fine: $500,000 or twice the gross gain or loss from the offense**

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**